UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                         For Online Publication Only
----------------------------------------------------------------X
SCOTT STOCKINGER,

                Petitioner,

        -against-                                   **ORDER**
                                                      17-CV-1011 (JMA)
STATE OF NEW YORK,

                Respondent.
----------------------------------------------------------------X
**AZRACK, United States District Judge:**

On June 14, 2012, Petitioner Scott Stockinger ("Petitioner" or "Stockinger") pled guilty to one of count of sexual abuse in the first degree pursuant to New York Penal Law § 130.65. The eight-year old victim was related to Petitioner and lived in the same house as him. (Presentence Investigation Report at 5.) At his plea allocution, Petitioner admitted that, in June 2012, he placed his mouth on the victim's vagina for purposes of sexual gratification. (Plea Hearing Tr. 16.) During his presentence interview, Petitioner admitted to consuming 30 beers the day of the offense. (Presentence Investigation Report at 5.) Although Petitioner indicated in this interview that he could not remember the details of how he abused the victim, he also stated: "She won't lie. I believe I did this. I feel that I should be punished." (Id.)

In accordance with the terms of his plea bargain, Petitioner was sentenced, in July 2012, to the agreed-upon three-year term of incarceration and eight years of supervised release. (Sentencing Tr. 4.) As part of the plea, Petitioner also agreed to waive his right to appeal his plea and sentence.

Petitioner subsequently appealed his sentence, arguing that the Appellate Division should invoke its discretionary power, under New York C.P.L. § 470.15(2)(c), to reduce or modify his allegedly harsh and excessive sentence in the interests of justice. In August 2015, the Appellate

1

Division affirmed Petitioner's sentence. Because Petitioner had already completed his term of imprisonment, the Appellate Division found his contention concerning the three-year prison sentence to be academic. People v. Stockinger, 131 A.D.3d 550, 551 (App. Div. 2d Dep't 2015). The Appellate Division also found that the eight-year term of supervised release was not excessive. Id. The New York Court of Appeals subsequently denied Petitioner's request for leave to appeal. People v. Stockinger, 27 N.Y.3d 1007 (2016).

Stockinger then filed the instant pro se habeas petition pursuant to 28 U.S.C. § 2254. Although his habeas petition does not identify any specific claims, the Court liberally construes Stockinger's petition to raise the same claim that he pursued, on appeal, in the Appellate Division. That claim, which challenged Stockinger's sentence as harsh and excessive, fails under § 2254.

Generally, habeas petitions that raise excessive sentencing claims under the Eighth Amendment fail whenever the sentence imposed "is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also Dantzler v. Superintendent, Sing Sing Corr. Facility, No. 09-CV-1513, 2009 WL 3055297, at *5 (E.D.N.Y. Sept. 22, 2009). Here, Stockinger's prison sentence and term of supervised release both fall within the ranges permitted by statute. Under New York law, the sentencing range for sexual abuse in the first degree under New York Penal Law § 130.65, a Class D Felony, is two to seven years. N.Y. Penal Law §§ 70.02(1)(c), 70.02(3)(c). New York law also authorizes a term of supervised release between three and ten years for this offense. N.Y. Penal Law § 70.45(2-a)(a). Additionally, Stockinger's sentence is not "one of the 'exceedingly rare' sentences that violates the Eighth Amendment by being 'grossly disproportionate' to his crime." Dantzler, 2009 WL 3055297, at *5 (citing Ewing v. California, 538 U.S. 11, 30–31 (2003)). Stockinger's excessive sentence claim concerning his

prison sentence and term of supervised release is meritless. Accordingly, his § 2254 petition is denied.[1]

A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Petitioner and to close this case.

**SO ORDERED.**

Dated: July 12, 2021
Central Islip, New York

                                                   /s/ (JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE

---

[1] Stockinger's challenge to his prison sentence may be moot. In any event, if this claim were not moot, it is clearly meritless.